United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA VIRULA-SALAZAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6725 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Maria Virula-Salazar ("Petitioner"), a citizen of Guatemala, entered the United States without inspection in 2012.[1] On August 4, 2026, Petitioner was taken into immigration custody.[2] That same day Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 11 ¶ 14; Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 6, p. 3.

[3]Notice to Appear, Exhibit 2 to Respondents' MSJ, Docket Entry No. 6-2, pp. 2, 5.

[4]Respondents' MSJ, Docket Entry No. 6, p. 3.

due process.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[6] Petitioner has filed her Opposition to Stay and to Respondents' Motion to Dismiss and Her Reply in Support of her Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 7).

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi,166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED.**

---

[5]Habeas Petition, Docket Entry No. 1, pp. 35–39 ¶¶ 85–102. Petitioner also argues that the her detention without a bond hearing violates the agency's own regulations and is thus unlawful under the Accardi doctrine, which "stands for the unremarkable proposition that an agency must abide by its own regulations." Chevron Oil Co. v. Andrus, 588 F.2d 1383, 1386 (5th Cir. 1979). However, here, the statute mandates detention without a bond hearing.

[6]Respondents' MSJ, Docket Entry No. 6, pp. 1–2.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 29th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE